People v Siembor (2018 NY Slip Op 05434)





People v Siembor


2018 NY Slip Op 05434


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


851 KA 18-00403

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GLEN J. SIEMBOR, DEFENDANT-APPELLANT. 






MULDOON, GETZ & RESTON, ROCHESTER (JON P. GETZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered August 17, 2015. The judgment convicted defendant, upon his plea of guilty, of unlawful surveillance in the second degree (33 counts) and possessing a sexual performance by a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of 33 counts of unlawful surveillance in the second degree (Penal Law § 250.45 [3] [a]) and one count of possessing a sexual performance by a child (§ 263.16), defendant contends that his sentence, an aggregate indeterminate term of imprisonment of 5 to 15 years, is unduly harsh and severe. We reject that contention. Although defendant has no prior criminal record and has been gainfully employed for most of his adult life, he victimized dozens of females, ranging in age from 8 to 49, by videotaping them without their knowledge while they were in the changing room of his store and the bathroom of his home. He even videotaped some victims in their own homes, also without their knowledge. He videotaped customers, coworkers and employees, and even the children of his close friends.
We note that, more than two years before defendant's arrest, one of his coworkers discovered that he had surreptitiously videotaped her in the dressing room and confronted him about it. Defendant begged and pleaded with the employee not to contact the police, promising that he would seek counseling and saying that exposure would ruin his family. Although the employee was persuaded not to contact the police, defendant did not seek counseling and continued his unlawful activities unabated, victimizing more unsuspecting women until his arrest several years later. Under the circumstances, we perceive no basis in the record upon which to modify the sentence as a matter of
discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court